UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
LISA BAEZ, JOABLE CAPRON, LA CHENA
CLARK, ROSEANN PALIOTTA, BRIDGET
PIRINEA, and GERMAN SISSA,

        Plaintiffs,

    v.
                 **OPINION AND ORDER**

PROSPECT MORTGAGE, LLC,       CV 13-2449 (JBW)(VVP)

        Defendant.
----------------------------------------------------------------x

**POHORELSKY, Magistrate Judge:**

   The plaintiffs, former employees of the defendant corporation, assert that the defendant failed to pay them minimum and overtime wages to which they are entitled under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law, Article 19 § 650, *et seq.* ("NYLL"). The defendant has demanded that the case be tried by a jury. The plaintiffs now move to strike the defendant's jury trial demand pursuant to Federal Rules of Civil Procedure 12(f) and 39(a)(2). They contend that the defendant has waived its right to a jury trial by requiring each of the plaintiffs to sign a Jury Waiver Agreement ("Agreement") at the time they were hired. For the reasons that follow, the plaintiffs' motion to strike is denied.[1]

## BACKGROUND

   The defendant is a California corporation that provides mortgage loans, and has offices in New York and several other states. Prospective employees of the defendant are required to sign a "Jury Waiver Agreement" relinquishing their right to a jury trial should they someday choose to pursue litigation against their newfound employer. The Agreement provides in its entirety:

   Although the Company believes that our internal complaint resolution procedure should be
   sufficient to resolve any workplace problems that you may have, we recognize that sometimes,

---

[1] As the matters raised by this motion are non-dispositive, they are appropriate for decision by me. *See* Local Civil Rule 72.2.

notwithstanding everyone's best efforts, a matter cannot be resolved internally. In those rare instances, we believe that our nation's judges (such as our federal judges who are appointed by Congress for life and thus are free from any outside bias or influence) are in the best position to resolve our workplace disputes. Accordingly, we have created this policy which, in effect, says that if you file a lawsuit, a judge will decide if we acted correctly or incorrectly. This policy does not take away any of your rights to sue or seek any type of remedy the law allows, it simply provides for a federal or state judge to decide our differences. By signing this agreement, you consent to waive your right to a jury trial with respect to any lawsuit you may commence against Metrocities Mortgage, LLC, a Prospect Mortgage Company, its affiliates, subsidiaries, divisions, successors, assigns, and purchasers, and the current, former, and future employees, shareholders, officers, directors and agents thereof ("the Company"), relating in any matter to your application for, employment with, or cessation of your employment, any term and condition of your employment with the Company or any other claim or dispute. Absent your signing this Jury Waiver Agreement you would not be hired or remain employed by the Company. You have the right to consult with counsel of your choosing regarding this Jury Waiver Agreement prior to signing this document.

By signing below you acknowledge that you have had a reasonable period of time to consider this Jury Waiver Agreement and are waiving your right to a jury trial knowingly, voluntarily, and free from duress or coercion.

Sept. 3, 2013 Chase Decl., Ex. 1, Dkt. Ent. 17-3.

On October 18, 2010, three of the defendant's former loan officers with no relation to the instant action filed a putative class/collective action against the defendant in the Eastern District of California, alleging that the defendant violated California and federal law by failing to pay its employees required minimum and overtime wages. *See Sliger v. Prospect Mortgage, LLC*, No. CV-11-465, 2011 WL 3747947 (E.D. Ca Aug. 24, 2011) ("the *Sliger* litigation"). The complaint included a jury demand, which the defendant did not oppose. On August 24, 2011, the court in *Sliger* conditionally certified a nationwide collective action encompassing current and former Prospect Mortgage loan officers, and directed that notice of the litigation be given to those with potential claims. The six individuals who would later become the plaintiffs here consented to join the *Sliger* litigation between November 2011 and March 2012. Compl., Ex. A, Dkt. Ent. 1; Wexler Decl. ¶ 5,

Dkt. Ent. 27-1.  Their claims are now before this court because the collective action in California was decertified by stipulation of the parties on January 23, 2013.  Compl. Ex. B; Wexler Decl. ¶ 6.

Following decertification, various former opt-in plaintiffs in the *Sliger* case filed similar actions in other jurisdictions.  *See Aguilera v. Prospect Mortg., LLC*, No. CV-13-5070, 2013 WL 4779179 (C.D. Cal. Sept. 5, 2013); *Aldrich v. Prospect Mortgage, LLC,* No. CV-13-3711, 2013 WL 5506676 (N.D. Ca. Oct. 3, 2013); *Allaway v. Prospect Mortgage,* No. CV-13-3004, 2013 WL 6231382 (N.D. Ill. Nov. 26, 2013); *Avants v. Prospect Mortgage, LLC,* No. CV-13-376, 2013 WL 6641349 (D.N.M. Dec. 17, 2013); *Barker v. Prospect Mortg.,* No. CV-13-822, 2013 WL 5314710 (D. Ariz. Sept. 23, 2013); *Del Gaizo v. Prospect Mortgage, LLC*, No. CV-13-6200, 2013 WL 5834455 (W.D.N.Y. Oct. 30, 2013); *Hopple v. Prospect Mortg., LLC,* No. 13-cv-137, 2013 WL 5493004 (W.D. Tex. Oct. 2, 2013).

The above-captioned plaintiffs filed the instant action on April 23, 2013, again alleging the defendant's failure to pay required wages.  Dkt. Ent. 1.  An amended complaint was filed on July 5, 2013.  Dkt. Ent. 4.  Unlike in the *Sliger* litigation, neither of these complaints demanded a jury trial.  The defendant, however, made a jury demand in its answer to the amended complaint, filed on August 12, 2013.  Dkt. Ent. 11.  The plaintiffs then filed the instant motion to strike the jury demand on September 3, 2013.  Dkt. Ent. 18.

The plaintiffs contend that the Jury Waiver Agreement is a valid bilateral contract that obligates both the signatory and the defendant to forgo their right to a jury trial in the event of litigation between the two parties.

The defendant opposes the motion on several grounds.  It primarily argues that the plaintiffs repudiated their Jury Waiver Agreements by opting into the *Sliger* litigation and thereby electing to have their claims decided by a jury.  Def.'s Opp. 6-7.  The defendant also argues that the record bears no evidence of the Agreements' existence because the copies attached to the plaintiffs' motion have not been properly authenticated.  *Id.* at 7-9.  In a footnote, the defendant further asserts that

the Agreements do not waive the defendant's right to demand a jury trial because the Agreements only impose obligations on the signatory, and also because they do not specifically name the defendant by its current business name. *Id.* at 6, n. 2.

## DISCUSSION

### I. Legal Standard

The right to a jury trial is fundamental and protected by the Seventh Amendment of the United States Constitution. *See Aetna Ins. Co. v. Kennedy,* 301 U.S. 389, 393 (1937); *Gargiulo v. Delsole,* 769 F.2d 77, 79 (2d Cir. 1985). Thus, when a party to a civil action demands a trial by jury, the court is obliged to honor that demand unless it "finds that on some or all of [the] issues there is no federal right to a jury." Fed. R. Civ. P. 39(a)(2). One basis upon which the court may make such a finding is if the requesting party has "knowingly and intentionally" waived its right to a jury trial. *Fed. Sav. & Loan Ins. Corp. v. Var-Cap Corp.,* 1987 WL 12026, at *1 (E.D.N.Y. May 12, 1987) (quoting *Nat'l Equip. Rental, Ltd. v. Hendrix,* 565 F.2d 255, 258 (2d Cir. 1977)).

However, because the "right of jury trial is fundamental, courts indulge every reasonable presumption against waiver." *Aetna,* 301 U.S. at 393; *see also Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 188 (2d Cir. 2007); *Tray-Wrap, Inc. v. Six L's Packing Co.*, 984 F.2d 65, 67-68 (2d Cir. 1993); *Morgan Guar. Trust Co. v. Crane,* 36 F. Supp. 2d 602, 603 (S.D.N.Y. 1999). Purported jury waivers must be "scrutinized with the utmost care," *Tray-Wrap,* 984 F.2d at 67 (quoting *Heyman v. Kline,* 456 F.2d 123, 129 (2d Cir. 1972)), and "narrowly construed," *Crane,* 36 F. Supp. 2d at 603 (citing *Nat'l Equip. Rental, Ltd. v. Hendrix,* 565 F.2d 255, 258 (2d Cir. 1977)); *N. Feldman & Son, Ltd. v. Checker Motors Corp.*, 572 F. Supp. 310 (S.D.N.Y. 1983). Simply stated, "waiver is not to be lightly inferred." *Gargiulo,* 769 F.2d at 79 (citation and quotation marks omitted).

Courts also have the discretion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, motions

brought under Rule 12(f) are disfavored and rarely granted. *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 394 (S.D.N.Y. 2009) (quoting *In re Merrill Lynch & Co., Research Reports Sec. Litig.*, 218 F.R.D. 76, 78 (S.D.N.Y.2003)). They are appropriate only where "it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984) (citing cases), *vacated on other grounds sub nom. Salcer v. Envicon Equities Corp.*, 478 U.S. 1015 (1986). To prevail on their 12(f) motion, the plaintiffs would have to demonstrate "(1) that there is no question of fact which would allow the defense to succeed; (2) that there is no question of law which would allow the defense to succeed; and (3) that the plaintiff would suffer prejudice from inclusion of the defense." *Saratoga Harness Racing, Inc. v. Veneglia*, No. CV-94-1400, 1997 WL 135946, at *3 (N.D.N.Y. Mar. 18, 1997) (citing cases).

*II.    Analysis*

A threshold issue here is whether the language in the Agreement evidences the defendant's intent to waive its own right to a jury trial. The court finds that it does not. Contending that it does, the plaintiffs' base their interpretation entirely on a single sentence in the upper half of the Agreement. That sentence reads, "Accordingly, we have created this policy which, in effect, says that *if you file a lawsuit, a judge will decide if we acted correctly or incorrectly*." Sept. 3, 2013 Chase Decl., Ex. 1, Dkt. Ent. 17-3 (emphasis added). Read in isolation, the court agrees that this indiscriminate language could suggest that the defendant envisioned that all employer/employee litigation would be subject to a bench trial. However, the plaintiffs place an undue emphasis on this single, decontextualized sentence when they suggest that it constitutes a waiver of the defendant's constitutional right to a jury. A more careful parsing of this sentence, along with a more fulsome reading of the rest of the Agreement, unambiguously suggests that the Agreement only effectuates a waiver of the *signatories'* right to a jury trial.

Read in context with the sentences that precede it, the sentence in question does not actually impose obligations upon either party. Rather, this part of the Agreement functions more like a preamble, in which the defendant explains the rationale behind the Agreement's forthcoming terms. To this effect, the sentence immediately makes clear that it is referring to a pre-existing, over-arching company "policy" favoring bench trials, rather than establishing a contractual term specifically between the employer and putative employee. While a company may not unilaterally change the terms of a written contract to which it is a party, *Larson v. Eney,* 741 F. Supp. 2d 459, 465 (S.D.N.Y. 2010); *Brenna v. Bally Total Fitness,* 198 F. Supp. 2d 377, 384 (S.D.N.Y. 2002), it is of course free to change, amend, or deviate from its own informal policies. Thus, the mere fact that the defendant indicated a policy preference in favor of bench trials when the Agreements were signed by the plaintiffs does not serve to bind it to that preference.[2] Additionally, the use of the term "in effect" in the at-issue sentence should immediately signal to the reader that the words that follow are not the actual terms of the policy, but rather an imprecise attempt to convey its essence in plain language. The plaintiffs' belief that this sentence imposes a contractual obligation is therefore misplaced.

The true legal effect of the Agreement is found not in its preambulatory clauses, but rather in its operative clauses. "By signing this agreement," one such sentence reads, "*you* consent to waive *your* right to a jury trial with respect to any lawsuit you may commence against [the defendant]." Sept. 3, 2013 Chase Decl., Ex. 1, Dkt. Ent. 17-3 (emphasis added). Similarly, the sentence preceding the signature line re-affirms that "[b]y signing below, *you* acknowledge that you have had a reasonable period of time to consider this Jury Waiver Agreement and are waiving *your* right to a jury trial knowingly, voluntarily, and free from duress or coercion." *Id.* (emphasis added). Of all the language in the Agreement, only these two sentences clearly and unambiguously establish legal

---

[2] Indeed, the defendant's decision not to oppose the plaintiffs' jury demand in *Sliger* itself signals a change in the defendant's policy concerning jury trials.

obligations, and they impose these obligations solely upon the signatory. Conspicuously absent from these or any other sentences in the Agreement is a similar statement waiving the *defendant's* right to a jury trial. Also conspicuously absent from the Agreement is a signature line for the defendant or any other indicia of an intent to bind the defendant. Rather, there is only one signature line and it is intended for the putative employee. Thus, the complete text of the Agreement—and particularly the sentences that do the heavy lifting—makes clear that it is intended solely to waive the signatory's right to a jury trial.

Common sense also suggests that the Agreement was not intended to waive the defendant's right to a jury trial. As the plaintiffs note, the relative bargaining power between the parties at the time of signing the Agreement was "unquestionably lopsided in Defendant's favor." Pl.'s Mot. 5, Dkt. Ent. 17-1. The defendant drafted the Agreement and required plaintiffs to sign and accept it as a non-negotiable condition of their employment. With such disproportionate bargaining power, one struggles to imagine why the defendant would needlessly waive its own right to a jury trial when it could just as easily reserve that right.

In conclusion, the face of the Agreement itself is, at most, ambiguous with regard to the defendant's alleged waiver and, in the court's opinion, much more supportive of the defendant's position. Indulging every reasonable presumption against waiver, as required by *Aetna,* 301 U.S. at 393, the court concludes that the plaintiffs' motion to strike must be denied.[3] Accordingly, the remaining issues need not be addressed.

---

[3] The court is aware that this interpretation places it among the minority of federal courts that have been called upon to decide the effect of this particular Agreement. *See Avants,* 2013 WL 6641349, at *4 ("[T]he clear intent of both parties to the contract was that a judge, not a jury, would decide any employment dispute between the parties to the contract."); *Barker*, 2013 WL 5314710, at *2 ("[T]he language of the Jury Waiver Agreement clearly evidences the intention that all disputes between these parties would be resolved by a judge and not simply that the person signing the agreement would waive the right to a jury trial."); *Del Gaizo*, 2013 WL 5834455, at *1 (same); *but see Hopple v. Prospect Mortg., LLC,* No. 13-cv-137, at *4-5 (W.D. Tex. Nov. 13, 2013) ("After carefully contemplating the text of the Agreement, the Court concludes that the waiver at issue is wholly one-sided; Prospect can arguably enforce the jury waiver, but Prospect can also demand a jury."). Nonetheless, the scant analysis of this issue provided by these courts does not address the concerns highlighted herein, and therefore fails to persuade this court to hold otherwise.

## CONCLUSION

For the foregoing reasons, the plaintiffs' motion to strike the defendant's demand for trial by jury is denied.

So ordered,

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY

United States Magistrate Judge

Dated: Brooklyn, New York

April 9, 2014